IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:

                                                      * CASE NO.
       ADRIENNE D. DICKERSON      * Chapter 13
                                                      *
                Debtor(s)                      *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

CHAPTER 13 PLAN

_X_ Original             ____ Amended Plan     ____ Modified Plan

      The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1.     The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and Debtor will pay as follows:

    a.     $____750.00____ per month for a term of _33_ months and
    b.     $___1270.00_____ per month for ____27_____ month(s),
    $_____ per month for _____ month(s),
    $_____ per month for _____ month(s), for a total term of _____ months. OR

    c.     $_____ per month prior to confirmation of this plan, and
    $_____ per month after confirmation of this plan, for a total of _____ months. (If this option is selected, complete 2.e.i.)

2.     From the payments received, the Trustee will make the disbursements described below:

    a.     Allowed unsecured claims for domestic support obligation and trustee commissions.

    b.     Administrative claims under 11 U.S.C. §507(a)(1), including Candy L. Thompson attorney's fee balance $3481.00 to be paid in accordance with Appendix F of the local rules(unless allowed for a different amount upon prior or subsequent objection).

    c.     Claims payable under 11 U.S.C. sec. 1362(b)(3). Specify the monthly payment: $_____.

    d.     Other priority claims defined by 11 U.S.C. §507(a)(3)-(10). The Debtor anticipates the following priority claims.

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

    e.    Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor: and, after confirmation of the plan, the claims will be treated as specific in 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provided the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No, | Monthly Payment |
|--|--|--|
|  |  |  |

        ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of the anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|--|--|--|--|
| Wells Fargo Home Mortgage | 31,490.00 |  |  |
|  |  |  |  |
|  |  |  |  |

        iii.    The following secured claims will be paid in full, as allowed, at the designated interest rate(s) through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|--|--|--|--|--|

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

        iv.       The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); and any allowed claims for deficiencies will be paid pro-rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

        v.       The following secured claims are not affected by this plan and will be paid outside the plan directly by the Debtor:
            1.       Chase acct 465112045
            2.       Chase acct 0026771345
            3.       Kia Motor Finance/Hyundai Motor Finance

        vi.       If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

        vii.       In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any months, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

     f.       After payment of priority and secured claims, the balance of funds will be paid Pro Rata on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3.       The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):
     a.       Motion to avoid second mortgage as to Susquehanna Bancshares

4.       Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date if the filing of this case.  For purposes of the

        imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured creditors who are holding claims subject to cramdown will retain their lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under sec. 1328; and if the case is dismissed or converted without completion of the plan; the lien shall also be retained by such holders to the extent recognized under applicable non- bankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicated): any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of secs. 362 and/or 1301 is automatically terminated.:

7. Title to property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8. Non-standard Provisions:


Date:      October 14, 2013        _/s/ ADRIENNE D. DICKERSON_____
                                                        ADRIENNE D. DICKERSON,  Debtor


___/s/__Candy L. Thompson_____
Candy L. Thompson, Esquire
201 N. Charles Street, Suite 804
Baltimore, Maryland 21201
candy.thompson2@verizon.net
(410) 385-2626
fax 410-244-0750
Attorney for Debtor(s)
Bar Number 024010

Case 13-27382    Doc 6    Filed 10/14/13    Page 5 of 6

Case 13-27382   Doc 6   Filed 10/14/13   Page 6 of 6